UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM McPHERSON                                                                                        Plaintiff

v.                                                                                    Civil Action No. 3:24-cv-187-RGJ

UNITED STATES OF AMERICA DEPARTMENT
OF THE ARMY and CHRISTINE E. WORMUTH,
SECRETARY, DEPARTMENT OF THE ARMY                                                    Defendants

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendants United States of America Department of the Army and Secretary Christine E. Wormuth (together the "United States") move to dismiss the complaint for lack of subject-matter jurisdiction. [DE 8]. Plaintiff William McPherson ("McPherson") responded [DE 11] and the United States replied [DE 12]. For the reasons below, the United States' motion [DE 8] is **GRANTED**.

### I. BACKGROUND

McPherson worked at Fort Knox for the Department of the Army. [DE 1 at 1]. He filed with the Army an Equal Employment Opportunity ("EEO") complaint of racial discrimination. [*Id.* at 2]. McPherson and the United States settled that dispute. [DE 8-2]. Under the parties' settlement agreement, McPherson agreed to withdraw his EEO complaint "with prejudice." [*Id.* at 33]. Later, in a letter to the Army's Director of EEO Compliance and Complaints Review, McPherson asserted that the Army had failed to pay him under the settlement agreement's terms. [DE 8-3 at 46]; *accord* 29 C.F.R. § 1614.504(a). The Army disagreed. [DE 8-3 at 36]; *accord* 29 C.F.R. § 1614.504(b). That final agency decision informed McPherson he could appeal to the EEOC Office of Federal Operations. [DE 8-3 at 39]; *accord* 29 C.F.R. § 1614.504(b).

According to the EEOC, McPherson filed no such appeal. [DE 8-4 at 64]. Instead, he initiated this lawsuit. In the complaint, he once more asserts that the United States "has failed to comply with the negotiated Settlement Agreement." [DE 1 at 2]. Despite being captioned for this Court and Division, the complaint was first filed with the United States District Court for the Eastern District of Kentucky. That court transferred the matter here. [DE 3]. Now the United States moves to dismiss McPherson's complaint for lack of subject-matter jurisdiction. [DE 8].

## II. STANDARD

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). A district court without subject-matter jurisdiction lacks power to adjudicate the case before it. *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813 (6th Cir. 2015); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Therefore, "[i]n the absence of subject-matter jurisdiction, a federal court must dismiss the lawsuit." *Herr*, 803 F.3d at 813; *accord.* Fed. R. Civ. P. 12(h)(3).

There are two types of Rule 12(b)(1) motions: "facial attacks" and "factual attacks." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). For a facial attack, which "challenge[s] the sufficiency of the pleading itself," *Cartwright*, 751 F.3d at 759, "all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion," *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). "In the case of a factual attack," which challenges "the factual existence of subject matter jurisdiction," *Cartwright*, 751 F.3d at 759, "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction," *Carrier Corp.*, 673 F.3d at 440. "[T]he party invoking federal jurisdiction has the burden to prove that jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

## III. ANALYSIS

The United States asserts that its motion "is both a factual and facial challenge." [DE 8 at 23]. Because the motion encloses several evidentiary exhibits, it is best understood as a factual challenge. *See Cartwright*, 751 F.3d at 759. McPherson does not challenge the United States' exhibits, and it is fair to consider them at this stage. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986) ("[W]here a court considers factual issues outside the record on a Rule 12(b)(1) motion, it must do so in a manner that is fair to the non-moving party.").

"The United States, as sovereign, is immune from suit save as it consents to be sued." *Taylor v. Geithner*, 703 F.3d 328, 333 (6th Cir. 2013) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Congress has not waived sovereign immunity for Title VII "breach-of-settlement-agreement" claims. *Id.* at 333–35. Instead, "[t]he EEOC has promulgated a regulation that squarely addresses how to report agency noncompliance with a settlement agreement." *Id.* at 333 (discussing 29 C.F.R. § 1614.504). That regulation "provides . . . the exclusive procedures" available to a complainant such as McPherson. *Id.* at 335. As a result, this Court lacks subject-matter jurisdiction in this case.

McPherson concedes as much. In his response to the United States' motion, he "agrees that the proper route would be to exhaust administrative remedies outlined [sic] in 29 C.F.R. § 1614.504(a) [sic]." [DE 11 at 69]. The response continues, "Plaintiff has not [sic] argument to dismissal of the actionn [sic] with prejudice aftger [sic] the exhaustion of available admsintrative [sic] remedies." [*Id.*]. But timing is not the issue here; federal district courts *never* have subject-matter jurisdiction over Title VII breach-of-settlement-agreement claims. *Taylor*, 703 F.3d at 333–35. Subject-matter jurisdiction is "a threshold matter," and the Court will not postpone dismissal for lack thereof. *See Steel Co.*, 523 U.S. at 94; *see also Herr*, 803 F.3d at 813.

3

## IV. CONCLUSION

For all these reasons, the United States' motion to dismiss [DE 8] is **GRANTED**. The Court will enter separate judgment.

November 26, 2024

Rebecca Grady Jennings, District Judge
United States District Court